UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE DIVISION

**FRANCISCO MARTINEZ MONTALVO**   **CASE NO.  6:20-CV-01327 SEC P**

**VERSUS**   **JUDGE ROBERT R. SUMMERHAYS**

**WILLIAM BARR, ET AL**   **MAGISTRATE JUDGE WHITEHURST**

### MEMORANDUM ORDER

Before the Court is a Petition for Writ of Habeas Corpus under 28 U.S.C. § 2241 [Rec. Doc. 1] filed by *pro se* petitioner Francisco Martinez Montalvo. Montalvo included a request that he not be transferred out of the jurisdiction of the ICE New Orleans Director during the pendency of this proceeding, which the Court construes as a Motion for Temporary Restraining Order ("TRO"). Petitioner has also filed a Motion to Appoint Counsel. [Rec. Doc. 2].

**I.   Temporary Restraining Order**

Rule 65 of the Federal Rules of Civil Procedure provides, in pertinent part, as follows:

> (1) Issuing Without Notice. The court may issue a temporary restraining order without written or oral notice to the adverse party or its attorney only if:
> (A) specific facts in an affidavit or a verified complaint clearly show that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition; and

>(B) the movant's attorney certifies in writing any efforts made to give notice and the reasons why it should not be required.

Fed. R. Civ. P. 65

Montalvo does not allege that any immediate or irreparable injury, loss, or damage would occur without the TRO.

Montalvo's physical presence in this district is not required for the adjudication of his Petition. His transfer out this district would not destroy the Court's jurisdiction over his habeas claim. Jurisdiction attaches upon filing a habeas petition, and it is not destroyed upon the subsequent transfer or custodial change of the petitioner. *See McClure v. Hopper*, 577 F.2d 938, 939-40 (5th Cir. 1978), *cert. denied*, 439 U.S. 1077 (1979).

Additionally, § 2241 petitions regarding *Zadvydas* claims and the legality of detention pending removal are regularly adjudicated on the briefs without the need for in-person hearings, and because Montalvo is proceeding *pro se,* there is no issue regarding his ability to meet with counsel.

Moreover, claims regarding prison transfers are generally not cognizable under § 2241. *See Greenhill v. Menifee*, 202 F. App'x 799, 800 (5th Cir. 2006) (claim not cognizable under § 2241 because prisoners lack a constitutionally protected interest in where they are incarcerated); *Zapata v. United States*, 264 F. App'x 242, 243-44 (3d Cir. 2008) (district court lacked jurisdiction over a § 2241 petition that challenged a transfer). There is no protected liberty interest in being

housed in a particular facility. *Armendariz-Mata v. Lappin*, 157 F. App'x 767 (5th Cir. 2005) (citing *Yates v. Stalder*, 217 F.3d 332, 334 (5th Cir. 2000)). Because Montalvo does not allege that he faces any immediate and irreparable injury, loss or damage, and because he provides no legal justification to enjoin ICE from moving him out of this district, Petitioner's Motion for TRO to prohibit his transfer out of the jurisdiction of the ICE New Orleans Director is denied.

It should be noted that in a separate order, service of process on the defendants has been ordered. Thus, plaintiff's claims will ultimately be addressed on the merits.

## II. Motion to Appoint Counsel

Plaintiff has also filed a Motion to Appoint Counsel. [Rec. Doc. 2]. In general, the Court has authority to appoint counsel to represent an indigent party in any civil case pursuant to 28 U.S.C. § 1915(e)(1). That section provides: "The court may request an attorney to represent any person unable to afford counsel." 28 U.S.C.A. § 1915(e)(1) (West Supp. 2000). However, appointed counsel in a civil case is a privilege and not a constitutional right, allowed only in exceptional cases. *See Santana v. Chandler*, 961 F.2d 514, 515-16 (5th Cir. 1992); *Lopez v. Reyes*, 692 F.2d 15, 17 (5th Cir. 1982). Thus, in determining whether to make such an appointment, a court should look at the following factors, among others: (1) the type and complexity of the case; (2) whether the petitioner is capable of adequately representing his case; (3) whether the petitioner is in a position to investigate his

case adequately; and (4) whether the evidence will consist in large part of conflicting testimony that would require skill in the presentation of evidence and in cross-examination. *See Ulmer v. Chancellor*, 691 F.2d 209, 213 (5th Cir. 1982).

Here, the Court does not find any exceptional circumstance to justify appointing counsel for Petitioner. In this immigration case, though a somewhat complex area of law, most questions the Court will resolve will be legal rather than factual. Hence, there will be little need for Petitioner to investigate his case. Moreover, at this time, the Court does not find the need for testimony in this case and, consequently, no need for skillful cross-examination.

Although many persons in Petitioner's situation (i.e., detainees facing removal) have a significant language barrier, Petitioner appears to write English plainly and with sufficient aptitude for the Court to understand. More importantly, a quick review of the papers Petitioner has filed in this case, without an attorney to assist him, demonstrates that Petitioner has more than a rudimentary understanding of the law and procedure. His filings are neatly typed, and his exhibits are plainly labeled. Moreover, Petitioner cites statutes and case-law with more than a layperson's understanding. In short, the Court is quite confident that Petitioner will be able to represent himself in this cause.

Should the matter proceed to a point where the Court finds that an exceptional circumstance presents, it will revisit this issue. Consequently, after due consideration, the instant request for appointed counsel is denied.

### III. Conclusion

Accordingly,

**IT IS ORDERED** that Montalvo's Motion for Temporary Restraining Order be **DENIED**.

**IT IS FURTHER ORDERED** that Montalvo's Motion to Appoint Counsel (rec. doc. 2) be **DENIED**.

THUS DONE in Chambers on this 16th day of October, 2020.

CAROL B. WHITEHURST
UNITED STATES MAGISTRATE JUDGE